FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:17-CV-00355-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11, 12. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed his application for supplemental security income on March 26, 2013. AR 202-06. His initial alleged onset date was January 1, 1972. AR 202. He amended it to March 26, 2013, the date of filing his application. AR 23, 54. His application was initially denied on October 3, 2013, AR 103-20, and on reconsideration on December 5, 2013, AR 121-38.

Administrative Law Judge ("ALJ") Caroline Siderius held a hearing on October 15, 2015, in Spokane, Washington. AR 51-84. On December 31, 2015, ALJ Siderius issued a decision finding Plaintiff ineligible for disability benefits. AR 23-40. The Appeals Council denied Plaintiff's request for review on August 17, 2017, AR 1-7, making the ALJ's ruling the "final decision" of the Commissioner.

Prior to his current application, Plaintiff filed an application for benefits on October 15, 2007, which was denied by the ALJ on August 10, 2009. AR 23. The Appeals Council upheld the decision on February 11, 2011. *Id.* ALJ Siderius found *res judicata* applied to that decision and that there was no cause to reopen that claim. *Id.*

Plaintiff timely filed the present action challenging the denial of benefits on October 13, 2017. ECF No. 3. Accordingly, his claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§ 404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1508-09 & 416.908-09.  If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f)

& 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining

whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

//

//

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Plaintiff was 49 years old on the date he filed his application. AR 39. He has at least a high school education and is able to communicate in English. *Id.* His prior work experience includes store laborer, sales route driver, and tractor-trailer moving van driver. AR 38.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act since March 26, 2013, the date his application was filed. AR 23-40.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 26, 2013, his application date (citing 20 C.F.R. § 416.971 *et seq*.). AR 26.

**At step two**, the ALJ found Plaintiff had the following severe impairments: antisocial personality disorder and osteoarthritis, both shoulders (citing 20 C.F.R. § 416.920(c)). AR 26-27.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 28-30.

At **step four**, the ALJ found Plaintiff had the following residual functional capacity. He can perform light work as defined in 20 C.F.R. 416.967(b) with additional limitations: he can lift/carry up to 20 pounds occasionally and 10 pounds frequently; he has no maximum limitations in standing, walking, or sitting; he cannot climb ladders, ropes or scaffolds; he cannot crawl; he can occasionally reach bilaterally overhead and frequently can reach in other directions; he must avoid working at unprotected heights and avoid concentrated exposure to extremes in temperature as well as industrial vibration; he is limited to only superficial, brief contact with the general public and occasional, non-collaborative contact with co-workers. AR 30.

The ALJ determined that Plaintiff is unable to perform his past relevant work as sales route driver, tractor-trailer moving van driver, and store laborer. AR 38-39.

At **step five**, the ALJ also found that in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 39-40. These include: (1) small products assembler and (2) photo machine operator. *Id.* The ALJ consulted a vocational expert and the Dictionary of Occupational Titles in making this determination. *Id.*

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by improperly assessing his residual functional capacities and at step five of the sequential evaluation process. ECF No. 11 at 13-15.

## VII. Discussion

Plaintiff first argues that his psychological limitations were ignored by the ALJ. ECF No. 11 at 13. The ALJ did not ignore Plaintiff's limitations, but rather found that based on a significant history of malingering and the overall record, Plaintiff has no worse than mild to moderate functional limitations. AR 27. This is supported by the record, particularly the testimony of psychological expert Dr. Thomas McKnight, PhD, to whose opinion the ALJ gave great weight. AR 27, 36-37.

In support of this argument, Plaintiff points to two opinions, those of Plaintiff's "long time prison psychologist" and Dr. David Pounds, PhD, but Plaintiff does not actually present any argument as to how the ALJ erred other than failing to accept these opinions. Plaintiff does not offer reasoning for why the ALJ's rationale was incorrect, particularly with regard to Dr. Pounds, whom the ALJ discusses at length. This is critical because Plaintiff has the burden of showing prejudicial error. *See Molina*, 674 F.3d at 1110-11.

The ALJ, however, provided adequate justification for her findings regarding Plaintiff's mental health. With regard to Plaintiff's treatment records from the Washington State Department of Corrections ("DOC"), the ALJ relied on the mental health notes that explain how Plaintiff was "doing better," feeling less paranoid and anxious, and appeared calm, friendly, and cooperative on evaluation. AR 526-30. While earlier portions of the record may show more significant impairment, the ALJ relied on the most recent findings, which demonstrate that Plaintiff showed substantial improvement, particularly when complaint with medication. AR 34, 526-30, 540.

The ALJ did not give significant weight to the opinion of Dr. Pounds because he relied heavily on subjective testimony from Plaintiff, who lacked credibility due to extensive reports of malingering and exaggeration of symptoms throughout the record. AR 34. Dr. Pounds was unfamiliar with the record, and therefore, Plaintiff's malingering tendencies, yet even Dr. Pounds found Plaintiff to be a "difficult historian." AR 397. An ALJ may discount a doctor's opinion if it is based largely on the claimant's self-reports and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Finally, Plaintiff notes that the ALJ disregarded the opinion by Dr. Kevin Weeks, M.D. ECF No. 11 at 13. In particular, the ALJ did not adopt the opinion that Plaintiff should be limited to four hours of standing and walking in an eight-

hour workday and six hours of sitting in an eight-hour workday. AR 408. The ALJ explained that this portion of the opinion was given no weight because it was not corroborated by medical evidence. AR 36. The ALJ chose instead to adopt the recommendations and findings of medical expert Dr. Lynne Jahnke, who testified that Plaintiff's only severe physical impairment was shoulder osteoarthritis. AR 57-58.

Dr. Weeks diagnosed Plaintiff to have a "[h]istory of back pain with preserved range of motion and strength in his back." AR 408. Nevertheless, Dr. Weeks found that sensation was largely intact in the lower extremities. *Id.* Dr. Jahnke noted that x-rays of the lower back were normal, there was no MRI, and the complaints of lower back pain followed heavy lifting, indicating temporary lower back strain, as opposed to an impairment. AR 57-58.

Dr. Weeks is an examining provider, and if an examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted).

The ALJ reasoned that Dr. Jahnke's opinion was more reliable because Dr. Jahnke had reviewed the full record and provided an opinion more consistent with the record, whereas Dr. Weeks' opinion was based on a one-time consultative examination. AR 36. Moreover, Dr. Weeks' own examination findings were minimal, as were x-rays that demonstrated mild findings that were "not considered clinically significant." AR 400, 407. The record supports Dr. Jahnke's well-reasoned opinion, and the Court does not find error in the ALJ's decision to provide this opinion more weight than Dr. Weeks' opinion.

Plaintiff finally argues that the ALJ erred at step five. Specifically, he argues that the vocational expert's opinion was unreliable because it was based on an incomplete hypothetical. ECF No. 11 at 14. This is nothing more than an attempt to re-litigate the alleged errors in the residual functional capacity, and the Court will uphold the ALJ's findings when a claimant attempts to restate an argument that the residual functional capacity finding did not account for all limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED.**

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of July, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge